## BROCK, et ux v. J. C. PENNEY CO.

No. 59-1565-L.

Circuit Court, Duval County.

March 22, 1960.

Richard B. Austin, Schwartz, Proctor & Bollinger, Jacksonville, for plaintiffs.

George Stelljes, Jr., Marks, Gray, Yates, Conroy & Gibbs, Jacksonville for defendant.

WILLIAM H. MANESS, Circuit Judge.

This cause came on this day to be heard upon defendant's motion filed February 24, 1960, to require the plaintiffs to answer more fully and under oath as required by the applicable rules of civil procedure, defendant's additional interrogatory numbered 1, to-wit, "Please state the amount of each item of damage claimed including pain and suffering and loss of consortium or services", to which plaintiffs have heretofore answered, through their attorneys, as follows, to-wit, "Out of pocket expenses incurred as a result of this injury and the reasonable value of the other items as determined by the jury".

After hearing the argument of counsel, this court finds that the "out of pocket expenses" are itemized in paragraph 4 of the answer to interrogatories, filed February 18, 1960, but that the language, to-wit, " . . . the reasonable value of the other items as determined by the jury", is vague, ambiguous and unresponsive to the interrogatory, and that defendant, J. C. Penney Company, a foreign corporation, is entitled to have said interrogatory answered more specifically in the detail demanded: and the court having further considered the offer of counsel for plaintiffs, made orally before the court, to further answer said interrogatory and cure the alleged deficiency, by the insertion in said answer of the following language, to-wit, "The amount claimed for the elements of pain and suffering as to the claim of plaintiff, Jacqueline H. Brock, is in excess of $3,000, and the amount claimed for the element of consortium or services made by Kenneth Brock, her husband, is in excess of $3,000 "; and the court having further considered the proposed amended answer to said interrogatory, and finding the same to be likewise vague, ambiguous and insufficient, and that a full, complete and specific answer to said interrogatory has a direct bearing on the right of the defendant, a foreign corporation, to file a removal petition to the United States District Court, which this court considers to be a substantial right that cannot be defeated by the evasive and unresponsive assertions of the plaintiffs to the defendant's interrogatory in a case such as this where the cause may be otherwise removable; and the court being otherwise advised in the premises, it is ordered and adjudged as follows — .

1. That plaintiff, Jacqueline H. Brock and plaintiff, Kenneth Brock, husband of Jacqueline H. Brock, shall each state separately, under oath, the sums of money which they each separately claim in good faith from the defendant, J. C. Penney Company, a foreign corporation, for each item of damage for which each asserts a right to be compensated under the allegations of their complaint heretofore filed herein on August 25, 1959, and the total claimed by each in good faith for all such items of damages.

2. That the statement required to be made by plaintiffs under paragraph 1 of this order shall be made and served upon said defendant and filed herein within two days from the date hereof, and unless so made and filed within said period of time, this cause will be removed from the trial calendar for the week of April 25, 1960, until further order of this court.